

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 7, 1948

Hon. Leroy L. Moore
County Attorney, Houston County
Crockett, Texas       Opinion No. V-601

           Re:   The fees of County
                 Officers to be
                 charged as costs in
                 delinquent tax suits
                 brought by delinquent
                 tax attorneys.

Dear Mr. Moore:

       In your letter of May 20, 1948, you request
an opinion upon the following questions:

       "Houston County has awarded a contract for
collection of delinquent taxes to outside attor-
neys. Under a contract of such nature for what
officers of Houston County should fees be charged
as a part of the costs in each such suit? Also,
state amount each officer entitled to such fees
is to receive."

       We think the answer to your questions is
found in the specific provisions of Arts. 7332 and
7335-a, V.C.S. From an examination of these statuto-
ry provisions, the simple answer is that the fees pro-
vided by Art. 7332, shall apply to all officers enum-
erated in said article in delinquent tax suits initiat-
ed and prosecuted under a delinquent tax contract with
an attorney, except the County or District Attorney.
By the specific terms of Art. 7332 and 7335-a, these
officers are excluded as to the fees enumerated in Art.
7332 in delinquent tax suits filed by an attorney under
contract with the Commissioners' Court.

       Art. 7332 provides in part as follows:

       "...and provided further that the County
Attorney, Criminal District Attorney or District
Attorney shall not be entitled to the fees herein
provided for in instances where such delinquent

taxes are collected under contracts between the Commissioners' Court and others for the collection of such taxes, and in such instances the fees herein provided for such officers shall not be assessed nor collected."

Art. 7335-a provides in part as follows:

"...Provided however the County or District Attorney shall not receive any compensation for any services he may render in connection with the performance of the contract or the taxes collected thereunder."

You are, therefore, advised that the Sheriff, or Constable, District Clerk, and County Clerk, shall receive the fees provided by Art. 7332, which are expressed in plain and unambiguous terms and need not be repeated here: and this, regardless of whether delinquent tax suits are initiated and prosecuted by the County or District Attorney or by an attorney under contract with the Commissioners' Court. If, however, such delinquent suits are filed and prosecuted by an attorney under contract with the Commissioners' Court, the County or District Attorney receives no fees, nor shall the fees provided by Art. 7332 as to such officer be charged or collected. In this connection, we enclose for your information a copy of the previous opinion of this office numbered 0-6117. Your county is, of course, on a salary basis, hence these fees when collected should be paid to the County Treasurer as provided in Article XVI, Section 61 of the Texas Constitution.

## SUMMARY

If the delinquent taxes are collected by suit initiated and prosecuted by an attorney under contract with the Commissioners' Court, the officers enumerated in Art. 7332 are entitled to the fees therein prescribed, except the County or District Attorney; as to the latter officers, no fees shall be allowed or collected.

LPL:owb:jrb

Very truly yours,

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

*L. P. Loller*

L. P. Lollar
Assistant